**Zhi Rong LIU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

**No. 03–41011–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

John Z. Zhang, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Joseph C. Pedersen, James P. Fleissner, Carole J. Ryczek, Assistant United States Attorneys, Rockford, Illinois, for Respondent.

Present: WALKER, Chief Judge, POOLER, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Petitioner Zhi Rong Liu petitions for review of the November 2003 order of the BIA affirming the decision of the Immigration Judge ("IJ") to deny his applications for asylum and withholding of removal. Familiarity with the facts and the procedural history of the case is assumed. This court reviews the factual findings of the BIA under the substantial evidence standard, under which "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003) (internal quotation marks and citations omitted). Credibility determinations are given "the same deference on review as other factual determinations," but the BIA must give "specific, cogent" reasons for rejecting testimony on credibility grounds. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004). This court will reverse the BIA's credibility finding if it is "based upon speculation or upon an incorrect analysis of the testimony." *Id.* at 178. However, "[t]o warrant reversal of the BIA's decision, [the petitioner] must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

The IJ gave specific, cogent reasons for her finding that the petitioner lacked credibility, including the citation of particular implausibilities in petitioner's testimony and inconsistencies between petitioner's testimony and the petitioner's applications. Liu's contention that the IJ improperly focused on irrelevant details, such as the arrest and fine of his friend and the lack of corroboration provided by his family members, disregards other bases for the IJ's decision, including his provision of at least four different answers to the question of when his Falun Gong instructor was arrested, and his failure to explain in his asylum application or accompanying state-

ment that his arrest resulted from his participation in a political protest. With respect to the provision of corroborating information by his family members in the United States, Liu overlooks the relevance of such evidence to the issue of whether he faces the possibility of future persecution on the basis of his practice of Falun Gong should he return to China. Moreover, the evidence bears on Liu's claim of past persecution, because evidence of his practices in the United States would go to the issue of whether Liu is, in fact, a practitioner of Falun Gong.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is also DENIED.